# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 19-CR-59-JED |
| JOHN MICHAEL MCINTOSH, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

**I.     Background**

The defendant was charged in a ten-count Indictment on April 2, 2019. Counts 1, 3, 5, 7, and 9 charge robberies in violation of 18 U.S.C. § 1951. Counts 2, 4, 6, 8, and 10 charge the defendant with carrying, using, and brandishing a firearm during the robberies charged in the odd-numbered counts, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). If convicted on all counts, the defendant would be subject to a maximum 20 years imprisonment on the robbery counts and, on each of the five firearm counts, he would be subject to a mandatory minimum term of seven years imprisonment, to run consecutively, for a *minimum* sentence of 35 years on those firearm counts.

On November 1, 2019, pursuant to a Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C), the defendant pleaded guilty to five robbery counts (1, 3, 5, 7, and 9) and to three of the five firearm counts (2, 4, and 6). The Plea Agreement, which he signed and of which he was advised during an extensive change of plea hearing, expressly provides:

> The defendant acknowledges the mandatory minimum sentences are at issue. The defendant further understands that under counts 2, 4, and 6, a

mandatory minimum of 7 years is applicable and those must be run consecutively to each other for a minimum sentence of 21 years. The defendant understands that should he plead to all counts without a plea agreement, his minimum sentence on counts 2, 4, 6, 8, and 10 would be 35 years.

(Doc. 47 at 12).

The parties stipulated in their agreement that "the appropriate disposition in this case is a sentence of 300 months or 25 years." (*Id.* at 15). [1] The Court ultimately accepted the guilty pleas and adjudged the defendant guilty on counts 1, 2, 3, 4, 5, 6, 7, and 9. (*Id.* at 34-36). The defendant maintained his pleas of not guilty to counts 8 and 10, and the government agreed to dismiss those counts at sentencing as consideration for the pleas on the other counts.

On December 30, 2019, the defendant filed a Motion to Withdraw Plea of Guilty. (Doc. 51). According to the defendant, "his plea of guilty was not knowingly made" and "was not voluntary." (*Id.* at 2). The defendant requests an evidentiary hearing (*id.* at 3),

---

[1] With respect to the stipulated sentence, the parties agreed as follows:

> Specifically, the parties request the court sentence the defendant to 0 (zero) years on counts 5, 7, and 9. The parties also request the court sentence the defendant to 4 years (48 months) on counts 1 and 3. The parties additionally request the court run its sentence in counts 1, 3, 5, 7, and 9 concurrently with each other and the sentence to counts 2, 4, and 6 consecutively to each other and consecutively with counts 1, 3, 5, 7, and 9. The parties have considered various factors in fashioning this sentence, including the defendant's acceptance of responsibility, the strength of the evidence, judicial economy, the defendant's characteristics and age, and the interests of justice. For these reasons, a sentence of 25 years or 300 months, meets the sentencing goals for this type of case and this defendant. The parties agree upon this sentence regardless of any advisory Sentencing Guidelines calculations.

(Doc. 47 at 15-16).

and his counsel suggests the likelihood of a conflict if such a hearing is held, in that counsel may be directed to testify against the defendant with respect to his claim of a lack of voluntariness / knowledge regarding the guilty pleas. (*See* Doc. 54).

## II.     Discussion

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). The Court has not rejected the Plea Agreement. Thus, the defendant may withdraw his guilty pleas if he "can show a fair and just reason." *See id.*

While a motion to withdraw a guilty plea before sentencing should be "viewed with favor" and the defendant should be given a "great deal of latitude," "[d]efendants do not have an absolute right to withdraw a guilty plea." *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (citation omitted). "The burden is on the defendant to establish a 'fair and just reason' for the withdrawal of the plea." *Id.* (quoting *United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000)).

In this Circuit, in determining a motion to withdraw a guilty plea, the courts consider seven factors:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources.

3

*Siedlik*, 231 F.3d 744, 749 (citing *Black,* 201 F.3d at 1299-1300; *United States v. Kramer,* 168 F.3d 1196, 1202 (10th Cir. 1999)); *United States v. Bynum*, 567 F.3d 1255, 1264 (10th Cir. 2009).

Upon consideration of the seven factors in this case, the Court finds and concludes that the defendant's motion to withdraw the guilty pleas should be denied. As to the first factor, the defendant does not claim he is innocent of any of the charges. In fact, the defendant admitted guilt in his Petition to Enter Plea of Guilty (Doc. 46 at 2), the Plea Agreement (Doc. 47 at 9), and during his plea colloquy (*See* Doc. 52 at 28-34). Specifically, he stated, under oath, that he committed all five robberies and brandished a firearm during all of them. (Doc. 47 at 9; *see also* Doc. 52 at 28-33).

The second, third, fourth, and seventh factors also do not support the defendant in his quest to withdraw his guilty plea. The defendant entered his guilty pleas on November 1, 2019, but did not seek to withdraw his guilty pleas until December 30, 2019, nearly two full months later. While the defendant claims that the "nature of the environment [at the plea hearing] was such that [he] was unable to exercise his free will and demand his right to jury trial" (*see* Doc. 51 at 3, ¶ 6), any such alleged impediment to his ability to demand a right to a jury trial would have ceased when he left the hearing. Yet, he did not request to withdraw his guilty plea until two months after the hearing.

The defendant was indicted almost ten months ago. The passage of time, the government's efforts during that time to arrive at a plea agreement, and the preparation and labor expended toward the plea agreement and hearing – all while foregoing trial preparation – indicate that the government will be prejudiced by permitting the defendant

to withdraw his plea at this late date, where there is not a justification for doing so. Similarly, judicial resources will be wasted if the defendant is permitted to withdraw his pleas of guilty and proceed to trial or if he were to subsequently attempt to plead guilty at a later date (assuming a different plea offer were forthcoming). As noted, the defendant has not alleged innocence or even identified any defenses.

With respect to the fifth factor, the defendant was and is represented by effective counsel who properly advised him, and his allegation that he "was not informed or did not understand that the Court had no authority to order a sentence below the stipulated twenty-five years" is directly contradicted by the record. During the change of plea hearing, with defendant present, his counsel represented that they had discussed the facts of the case, the terms of the Plea Agreement, the impact of those terms as to sentencing, and their belief that the stipulation to a 25-year sentence under the circumstances was the best that the defendant would get in terms of a plea deal. His counsel further represented that they had spent time over at least two days going over the terms of the Plea Agreement with him. The defendant did not counter those representations.

Moreover, during the lengthy plea hearing, the defendant stated under oath that he was "satisfied with the representation [his] lawyers have provided [him]," "believe[d] that they have fully considered any defense [he] may have to the charges," "believe[d] that they have fully advised [him] concerning this matter," and he "had enough time to discuss this matter with [his] lawyers." (Doc. 52 at 27-28). Likewise, he signed the plea documents, in which he further expressly represented:

5

> In deciding to enter my plea of guilty, I rely upon the following advice from my attorney. <u>I anticipate receiving a sentence of 25 years pursuant to Rule 11(c)(1)(C). In the event that the court does not accept my plea, I will be allowed to withdraw my plea of guilty. This sentence is below the mandatory minimum I would receive if convicted of all counts charged against me in the Indictment.</u> (Doc. 46 at 2) (emphasis in original).
>
> "I believe that my attorney has done all that anyone could do to counsel and assist me, AND I AM SATSIFIED WITH THE ADVICE AND HELP (S)HE HAS GIVEN ME." (*Id.* at 4) (emphasis in original).

The defendant further swore that he "read, understood, and discussed with [his] attorney, each and every part of [the] Petition to Enter Plea of Guilty. . . ." (*Id.* at 5).

Given that the defendant, if convicted on all counts following a trial, would face a *minimum* of 35 years' imprisonment up to a maximum of life imprisonment, his counsel advised him that they obtained the best deal possible, and that deal would very likely be a better outcome than a sentence imposed after a trial. As noted, the defendant has not alleged innocence, and he has not identified any defense(s) to the firearm counts to which he pleaded guilty. In fact, he indicated in his factual statements to the Court that he used a firearm in *all* of the robberies. The circumstances do not justify a withdrawal of his guilty plea. *See, e.g., Bynum*, 567 F.3d at 1265 ("despite [the defendant's attempt to fashion a conflict with his court-appointed counsel, his own testimony at the plea colloquy belies this assertion. . . . [He] fails to identify any meritorious defense he would have raised . . . [and he] expressed satisfaction with his counsel's services.")

The sixth factor – whether the plea was knowing and voluntary – is the only factor that the defendant's motion addresses. The defendant alleges that "his plea of guilty was not knowingly made," "he was not informed or did not understand that the Court had no

authority to order a sentence below the stipulated twenty-five years," "his plea was not voluntary," and "[t]he nature of the environment was such that [he] was unable to exercise his free will and demand his right to jury trial." (Doc. 51 at 2-3). It is true that the defendant expressed reluctance more than once during the change of plea hearing and, each time, the Court permitted him time to confer with counsel. The defendant ultimately confirmed that he wished to proceed with the guilty pleas. "Advice – even strong urging by counsel – does not invalidate a guilty plea" or render the plea involuntary. *See Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) (quoting *Williams v. Chrans*, 945 F.2d 926, 933 (7th Cir. 1991)).

Despite his temporary reluctance during the plea hearing, the defendant ultimately made it clear that he wanted to plead guilty and that he understood the charges, the mandatory minimum sentences, that he had the right to go to trial, and that he was stipulating to a sentence of 25 years upon the counts to which he was pleading guilty. His claim to the contrary is belied by his Plea Petition, the Plea Agreement, and the extensive discussions the Court had with him during the hearing. (*See* Plea Petition, Doc. 46 at 2 ["I anticipate receiving a sentence of 25 years pursuant to Rule 11(c)(1)(C) . . . below the mandatory minimum sentence I would receive if convicted of all counts charged against me in the Indictment."]). The defendant appeared intelligent, was articulate, indicated that he read the Plea Agreement before he signed it, and he consistently indicated that he understood the proceedings. His principal concern was based upon his opinion "that it's just too much time" and he was having difficulty determining whether he wanted to take the deal (of 25 years) or not. (Doc. 52 at 3).

7

The Court had, and his counsel expressed, no concern about the defendant's competency or understanding. The defendant stated that he does not "suffer from any mental condition or disability that would prevent [him] from fully understanding the charges against [him] or the consequences of [his] guilty plea." (*Id.* at 12). He affirmed that he understood the charges against him, the constitutional rights he was waiving by proceeding with guilty pleas, and the sentences applicable to the charges in the Indictment. (*Id.* at 12-17).

Contrary to the claim he now asserts, the Plea Agreement, the Petition, and his plea colloquy make it clear that the defendant understood that the parties were stipulating to a sentence of 25 years, which would be binding unless the Court were to reject the Plea Agreement. (*See, e.g., id.* at 18 [defendant affirmed that he understood the firearm charges to which he was pleading guilty carried a mandatory minimum 21 years], *id.* at 20 [defendant agreed that he understood the agreement was binding unless rejected by the Court and that "you and the government have stipulated that the appropriate disposition in this case is a sentence of 25 years"], p. 22 [defendant stated he understood the consequences of the plea], pp. 22-24 [defendant agreed with the government's description of the Plea Agreement terms, including that "the total sentence of 300 months or 25 years has been stipulated to and agreed to by the parties with the specific disposition that is listed" at page 10, section 18 of the Plea Agreement]; *see also* Doc. 46 at 7; Doc. 47 at 19).

The defendant also represented that no one had "attempted in any way to threaten [him] or [his] family or anyone close to [him] or to force [him] to plead guilty in this

case." (Doc. 152 at 24). He affirmatively answered that he was "pleading guilty voluntarily and of [his] own free will." (*Id.*). Defense counsel indicated that she believed that the defendant was entering into the Plea Agreement "freely and voluntarily with full knowledge of the charges and the consequences of the plea." (*Id.* at 25-26).

The defendant has not met his burden to show any "fair and just reason" for the Court to permit him to withdraw his guilty pleas. Under the circumstances presented, and in light of the law of this Circuit, the Court finds and concludes that his motion (Doc. 51) to withdraw his guilty pleas should be denied. *See, e.g., Bynum*, 567 F.3d at 1264-65 (defendant's request to withdraw guilty plea was properly denied where, among other things, he did not raise any doubts as to his knowing admission of guilt at the plea colloquy, he failed to identify any meritorious defense he would have raised, and he expressed satisfaction with his counsel's services); *United States v. Hamilton*, 510 F.3d 1209 (10th Cir. 2007) (district court did not error in denying motion to withdraw guilty plea where the defendant did not make a credible assertion of legal innocence or repudiate his admission of guilt and did not present any other fair and just reason for withdrawal); *United States v. Vasquez-Lebron*, 106 F. App'x 703 (10th Cir. 2004) (the defendant's claim that he was not satisfied with his counsel at the time of his plea and that he felt intimidated by counsel to enter the guilty plea was not a fair and just reason for withdrawal of the plea; the court engaged in an extensive plea colloquy with the defendant prior to accepting the plea, the defendant admitted the elements of the crime at the time of plea, and defendant delayed for almost a year after the plea before moving for withdrawal).

The defendant has not provided any justification for an evidentiary hearing. *See* LCrR 47.10. There is not an automatic entitlement to a hearing under these circumstances:

> A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea. . . [T]he defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing. No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory.

*United States v. Carter*, 109 F. App'x 296, 299 (10th Cir. 2004) (unpublished) (citations omitted) (quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992)).

Additionally, the defendant indicates that, if a hearing were held, his counsel may become conflicted by testifying against him, which would essentially send this 10-month old case back to the starting line with new counsel. The Court is not inclined to hold an evidentiary hearing where the Court held an extensive change of plea hearing during which it was clear that the defendant understood the charges and consequences of his plea, the defendant did not inform the Court for two months thereafter that he had any lack of understanding or wished to go to trial, and the defendant has not claimed his innocence or identified a single meritorious defense to the charges. *See id.*; *see also Bynum*, 567 F.3d at 1265 (district court did not abuse its discretion in declining to hold a hearing where the defendant had not identified a fair and just reason for withdrawing the plea).

### III. Conclusion

For the foregoing reasons, the defendant's motion (Doc. 51) to withdraw his guilty pleas is **denied**, his request for an evidentiary hearing is **denied**, and the request of his counsel to withdraw (Doc. 51, 54) is also **denied**. The denial of withdrawal of counsel is without prejudice to being re-urged if a conflict subsequently arises which might justify withdrawal.

In light of the passage of time due to the defendant's motion to withdraw his guilty pleas, the sentencing hearing set for February 3, 2020 at 10:30 a.m. is hereby **continued** to **March 31, 2020 at 10:00 a.m.**

SO ORDERED this 29th day of January, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT